UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROGERS HICKS,

                Plaintiff,

v.                                  **ORDER**
                                   97-CV-725S

RICHARD LOW, Area Supervisor,
PAUL C. MORITZ, Senior Parole Officer, and
LUCILLE ROTH, Parole Officer,

                Defendants.

      1.      During the week of May 12, 2003, this case was tried to a jury before this Court. The jury returned a verdict in favor of Defendants as to all causes of action on May 16, 2003. On May 19, 2003, the Clerk of the Court entered a judgment in favor of Defendants. On May 27, 2003, Plaintiff filed a Motion for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. This Court denied the Motion by Order entered on October 14, 2003. Plaintiff filed a Notice of Appeal on November 12, 2003. Currently before the Court is Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*.[1] Specifically, Plaintiff seeks the cost of the trial transcripts. For the following reasons, Plaintiff's Motion is denied.

      2.      The facts of this case may be briefly stated as follows.[2] During the times relevant to this action, Plaintiff Rogers Hicks was under the supervision of the New York State Division of Parole. Defendants Lucille Roth and Paul Moritz were parole officers

---

[1] In support of his Motion, Plaintiff filed an affirmation with numerous exhibits as well as an attorney affirmation.

[2] The facts are fully set forth in this Court's Decision and Order of March 31, 2002. (Docket 146).

employed by New York State. Defendant Richard Low was an Area Supervisor for the Division of Parole's Buffalo office. Plaintiff alleged that while he was on parole, Defendants restricted his ability to meet in jail with convicted felons, which interfered with his ability to work as a paralegal. Plaintiff claimed that this interference violated his rights under the Fifth Amendment. In addition, while on parole, Plaintiff also attempted to sell a book that he had written entitled "Race Justice." He alleged that Defendants prohibited him from selling this book to inmates in violation of his First Amendment right to free speech. At trial, Defendants introduced evidence tending to show that the parole restrictions placed on Plaintiff were based upon, *inter alia*, their suspicion that he was involved with "kiting" mail (illegally forwarding mail for inmates).

3.      Plaintiff brings this Motion solely for the purpose of obtaining pretrial and trial transcripts for his appeal. In civil cases, however, an indigent federal litigant has no unconditional right to obtain at public expense transcripts of prior judicial proceedings for purposes of an appeal. O'Neal v. County of Nassau, 992 F. Supp. 524, 535-36 (E.D.N.Y. 1997) (citing McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir.1990)). A plaintiff seeking payment of costs of transcripts must demonstrate not only that he is indigent, but that his appeal presents a substantial question.

4.      Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." FED. R. APP. P. 24(a)(1). A motion made under Rule 24(a) must be supported by an affidavit that: demonstrates the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and sets forth the issues that the party intends to present on appeal. FED. R. APP. P. 24(a). Plaintiff's submissions generally

comport with the requirements of Rule 24.  Upon due consideration, this Court declines to grant his Motion for Leave to Appeal *in Forma Pauperis* because his appeal does not present a substantial question.

5.	Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished . . . to persons permitted to appeal *in forma pauperis* shall . . .  be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f).  "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is 'reasonably debatable' and (2) whether the transcript is necessary to the presentation of the appeal."  O'Neal, 992 F. Supp. at 536 (citing Linden v. Harper & Row Inc., 467 F. Supp. 556, 557-58 (S.D.N.Y.1979)).  Having reviewed Plaintiff's Motion, this Court finds that Plaintiff has failed to raise an appeal issue that is reasonably debatable, or to demonstrate that the transcript is necessary to his appeal.  Accordingly, this Court cannot certify in writing that Plaintiff's appeal presents a substantial question.

7.	For the foregoing reasons, Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* must be denied.

IT HEREBY IS ORDERED that Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* (Docket No. 229) is DENIED.

SO ORDERED.

Dated:	April 23, 2005
	Buffalo, New York

						/s/William M. Skretny
						WILLIAM M. SKRETNY
						United States District Judge